# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| J. THOMAS FOWLER, <br> Plaintiff <br><br> v. <br><br> MEDICAL BUSINESS <br> BUREAU, LLC, <br><br> Defendant | Civil Action No. 2:14-CV-00070 |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1.

This is an action for actual damages, statutory damages, attorney fees and costs brought by Plaintiff J. THOMAS FOWLER (herein, "Plaintiff"), an individual consumer, against MEDICAL BUSINESS BUREAU, LLC (herein, "Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (herein, the "FDCPA") and Georgia's Fair Business Practices Act, O.C.G.A. §§ 10-1-390 *et seq.* (herein, the "FBPA").

## II. JURISDICTION

2.

Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

3.

Venue in this District is proper because the conduct complained of occurred in this District.

## III. PARTIES

4.

Plaintiff is a natural person residing in Barrow County, Georgia.

5.

Defendant is a limited liability company formed under the laws of the State of Illinois.

6.

Defendant transacts business in this state.

7.

Defendant's transactions in this state give rise to the Plaintiff's cause of action.

8.

Defendant is subject to the jurisdiction and venue of this Court.

9.

Defendant may be served by personal service upon its registered agent 1460 Renaissance Drive, Suite 400, Park Ridge, Illinois 60068.

10.

Alternatively, Defendant may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the States of Georgia or Illinois.

### IV. STATUTORY STRUCTURE

11.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

12.

Under the FDCPA, a "consumer" is a natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3).

13.

Under the FDCPA, a "debt" is any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.  15 U.S.C. § 1692a(5).

14.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  15 U.S.C. § 1692a(6).

15.

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  15 U.S.C. § 1692d.

16.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  15 U.S.C. § 1692e.

17.

Communicating to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed is a false, deceptive, or misleading representation.  15 U.S.C. § 1692e(8).

18.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained; statutory damages up to $1,000.00; and attorney's fees as determined by the Court and costs of this action.  15 U.S.C. § 1692k.

## V. FACTUAL ALLEGATIONS

19.

The principal purpose of Defendant is the collection of consumer debts.

20.

Defendant regularly attempts to collect consumer debt alleged to be due another.

21.

Defendant is engaged in the collection of debts from consumers using the mail and telephone.

22.

The debt which was the subject of the lawsuit was primarily incurred for personal, family, and household purposes.

23.

On three days in November of 2012, Plaintiff visited Apogee Medical Group for healthcare services.

24.

Upon information and belief, Apogee Medical group failed to bill Plaintiff's insurance provider, Cigna Corporation, as required by a contract between Apogee Medical Group and Cigna Corporation.  Therefore, Apogee Medical Group was forbidden by contract from seeking payment from Plaintiff. (See Plaintiff's Exhibit A)

25.

Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, furnished information to Experian to be included in Plaintiff's credit report. (See Plaintiff's Exhibit B.)

26.

Defendant communicated credit information which is known or which should have been known to be false to Experian.

27.

As a direct and proximate result of Defendant's furnishing of this false information to Experian, Plaintiff was denied credit. (See Plaintiff's Exhibit C).

28.

Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, contacted Plaintiff via mail (herein, the "Collection Letter") attempting to collect a debt in the amount of $357.14. (See Plaintiff's Exhibit D.)

29.

Defendant falsified the amount of the alleged consumer debt in the Collection Letter.

30.

Within one (1) year preceding the date of this Complaint, Defendant, in connection with the collection of the alleged debt, furnished information to Equifax to be included in Plaintiff's credit report. (See Plaintiff's Exhibit E.)

31.

Defendant communicated credit information which is known or which should have been known to be false to Equifax.

32.

As a result of Defendant's conduct, Plaintiff has suffered mental and emotional distress, including but not limited to frustration, anxiety, worry, and anger.

33.

As a direct result of Defendant's conduct, Plaintiff has incurred costs, including but not limited to attorney's fees and mileage to and from her attorney's office.

## VI. CLAIMS FOR RELIEF

34.

Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 33.

35.

The conduct of Defendant violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, and 1692e(8).

36.

Defendant's actions constitute violations of the FBPA, including but not limited to, the following provisions: "The use of unfair or deceptive acts or

practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce."

37.

As a result of the foregoing violations of the FDCPA and FBPA, Defendant is liable to the Plaintiff for declaratory judgment that the Defendant's conduct violated the FDCPA and FBPA, actual damages, statutory damages, treble damages, exemplary damages, and costs and attorney fees.

## VII. TRIAL BY JURY

38.

Plaintiff is entitled to and hereby demands a trial by jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for the following:

a) That Plaintiff be awarded statutory, general, special, treble and exemplary damages;

b) That Defendant be enjoined from attempting to collect any collection fee;

c) That Plaintiff be awarded the expenses of litigation including reasonable attorney fees;

d) That the Court grant such further and additional relief as is just under the circumstances.

Respectfully submitted this 11th day of April, 2014.

        **HURT STOLZ, P.C.**

        s/ James W. Hurt, Jr.
        **By: James W. Hurt, Jr.**
        **Georgia Bar No. 380104**

**345 W. Hancock Ave**
**Athens, Georgia 30601**
**(706) 395-2750**
**Facsimile: (866) 766-9245**
**jhurt@hurtstolz.com**

        **ARMOR LAW, LLC**
        **/S/ CHRIS ARMOR**

        **Christopher N. Armor**
        **Georgia Bar No. 614061**

**303 Perimeter Center North**
**Suite 300**
**Atlanta, GA 30346**
**Phone: (678) 690-8489**
**Fax: (404) 592-6102**
**chris.armor@armorlaw.com**

## CERTIFICATE PURSUANT TO L.R. 5.1

I certify that I prepared this document in 14 point Times New Roman font and complied with the margin and type requirements of this Court pursuant to L.R. 5.1.

                                              **ARMOR LAW, LLC**
                                              **/S/ CHRIS ARMOR**
                                              _____
                                              **Christopher N. Armor**
                                              **Georgia Bar No. 614061**

**303 Perimeter Center North**
**Suite 300**
**Atlanta, GA 30346**
**Phone: (678) 690-8489**
**Fax: (404) 592-6102**
**chris.armor@armorlaw.com**